[No. 4931.]

ANTONIO GIACCOMINI AND JOHN PEARSON *v.* E. BULKELEY AND WESLEY GILL.

EVIDENCE OF REMOTE DAMAGES.—In an action to recover damages for tearing down the fence inclosing a dairy farm so that cattle came in and destroyed the grass, the plaintiff cannot introduce evidence of the profits he might have made from milking cows or raising hogs which he did not have, and had not made arrangements to procure.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The plaintiffs alleged in their complaint that they owned and occupied a ranch which they used for dairy purposes, and that the defendants, with force and arms, tore down and destroyed the fence inclosing it for the space of about

one mile, by reason whereof the cattle of other people came in and destroyed the grass and broke up their dairy business. The defendants justified, that they were the sheriff of Humboldt County and his deputy, and were serving a writ for the return of fencing material issued by a justice of the peace in the suit of *Russ* v. *The Plaintiffs*, and also denied the allegations of the complaint. On the trial the plaintiffs introduced the evidence recited in the opinion. The plaintiffs recovered judgment and the defendants appealed.

The other facts are stated in the opinion.

*P. F. Hart and Chamberlin & De Haven*, for the Appellants.

Speculative and contingent profits cannot be recovered in an action for trespass to land.

Profits which witnesses suppose plaintiffs could have made if they had complied with a certain contract, but did not because of such trespass, cannot be recovered even if alleged; *a fortiori* if not alleged.

Supposed profits of a contract not made, but which plaintiffs swear they intended to make, not recoverable. (*Walraith* v. *Redfield*, 11 Barb. 372, 373; *Burnard* v. *Poor*, 21 Pick. 381.)

The damages are too remote. (11 C. B., 142: *Brown* v. *Cummings*, 7 Allen, 507.)

*S. M. Buck*, for the Respondent.

In order to illustrate all matters pertaining to the damages suffered by plaintiffs by reason of the malicious and wanton trespasses of defendants, having broken up said dairy business for the season, it was legal and proper to introduce evidence tending to show the nature and character of that business, and the profits usually realized upon a given number of cows used for dairy purposes in that locality. (*While* v. *Moseley*, 8 Pick. 326; *Allison* v. *Chandler*, 11 Mich. 542; *Douty* v. *Bird*, 60 Penn. St. 48; *R. & S. R. Co.* v. *Budlong*, 10 How. Prac. 290; *Housee* v. *Hammond*, 39 Barb. 94; *Woodbeck* v. *Wilders*, 18 Cal. 131.)

Such is now the well-established rule in cases of *willful* wrongs. In *Walraith* v. *Redfield* (11 Barb. 329), and *Barnard* v. *Poor* (21 Pick. 381), the courts expressly base their decisions upon the facts—appearing in those cases—that "there was no reason to suppose the injury was *willful or wanton*."

By the Court:

The court below erred in permitting the plaintiffs, against the objection of the defendants, to prove, by way of enhancing the damages, the profits they would or might have made from hogs and cows they did not have nor had ever made arrangements to procure. They were permitted to prove that the ranch would have supported sixty cows for dairy purposes, and how much butter these cows would probably have produced and its value, and the probable increase of the cows and its value, and that the ranch would also have supported a certain number of hogs and the probable profits from fattening them. But it appeared that the plaintiffs owned only three cows, and had contracted to hire from thirty to thirty-five from Swales, only seven of which had been delivered, and there was no proof that Swales had in all more than twenty which he could have delivered. It is not pretended that the plaintiffs had made arrangements for any other cows, or for any hogs whatever. Under this state of facts it was error to permit them to prove the profits they could possibly have made from sixty cows and from fattening hogs. The damages were too remote and purely speculative.

Judgment and order reversed and cause remanded for a new trial.