# The City of Chicago

*v.*

# Charles Huenerbein.

1. Measure of damages—*depriving party of use of land.* Where land is wrongfully overflowed so as to deprive the owner of its use, the true measure of damages is, its fair rental value. The supposed value of what might have been raised on the same had it been cultivated, less the cost of cultivation and marketing, is too remote and speculative.

2. Former decision. The rule as to the measure of damages announced in *The Chicago and Rock Island R.R. Co.* v. *Ward,* 16 Ill. 522, has not been followed in subsequent cases. In that case the crop on the land was planted and partly matured when destroyed, and it has no application to a case where no crop was ever planted.

APPEAL from the Circuit Court of Cook county.

Mr. FRANCIS ADAMS, for the appellant.

Mr. T. A. MORAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of case, against the city of Chicago, to recover damages produced by throwing stone, earth, etc., into the mouth of a small stream that usually discharged into the canal, whereby water was dammed and flowed back on the land, and six or seven acres could not be planted or cultivated during the years 1871, 1872 and 1873. The court below permitted appellee to prove that if the land had been planted with potatoes, the ground would have yielded two hundred bushels to the acre, and that they would have sold at about an average of seventy cents per bushel when matured, and that it would have cost about $35 per acre to plant, cultivate and market the potatoes. And thus it was claimed that the land would have yielded in the aggregate near 3,550 bushels, and would have sold for a much larger sum than was found by the jury.

On this evidence the jury found a verdict for plaintiff for the sum of $1,250, and the court, after overruling a motion for a new trial, rendered judgment on the verdict, and the city appeals.

The damages in this case are excessive, and the judgment must be reversed. The rule for the assessment of damages was wrong. In cases of this character the true measure is the fair rental value of the ground which was overflowed, and not the possible, or even the probable profits that might have been made, had the land not been overflowed. Such damages are too remote and speculative, depending on too large a variety of contingencies which might never have happened. The result of the application of the rule in this case shows its wrong and injustice. Hence the rule adopted gave appellee nearly $74 per acre as an annual rent. This manifests the incorrectness of the rule.

But the case of the *Chicago and Rock Island R. R. Co.* v. *Ward*, 16 Ill. 522, is referred to, as sustaining the rule adopted by the court below. That case, in some of its features, is like the case at bar. In that case it was held, the proof of the average value of the crop at maturity was proper, as a means of ascertaining its value when destroyed. But there, the crop .was planted, and partly if not fully cultivated when destroyed, whilst here no crop was ever planted, nor was any preparation made to plant the ground. It was overflowed before the planting season had arrived. But even if the principle there announced is broad enough to embrace the rule adopted in this case, we must hold that it should not be adopted as the measure of damages. We see that it has produced wrong and injustice. The rule announced in that case has not been followed in subsequent cases. See *Olmstead* v. *Burke*, 25 Ill. 86, *Cilley* v. *Hawkins*, 48 Ill. 308, *Green* v. *Williams*, 45 Ill. 206, and *Chapman* v. *Kirby*, 49 Ill. 211.

Inasmuch as this land was not planted, and no one could know or calculate with any degree of certainty what such a crop would have produced had the ground been planted, the only certain measure of damages is the rental value of the land thus overflowed, and the use of which appellee was deprived. Any other is speculative and uncertain. Crops not planted are not in existence, and if planted are liable to so large a number of contingencies and accidents, that what they may yield can only be a matter of conjecture; and what land might produce, and what the crop would sell for when produced, is too uncertain to be adopted as a rule for the measure of damages when a person has been deprived of the use of land.

Objections have been urged to the declaration, but leave is given to appellee, if he choose, to amend, so as to remove the objections urged.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*