JOHN W. EMERY, and others, *vs.* MARY A. EMERY.

Kennebec.    Opinion March 7, 1895.

*Widow. Quarantine. Rent. Assumpsit. R. S., c. 64, § 57.*

A widow, left in possession of the homestead, when allowed by the heir to continue in possession thereof beyond the time allotted to her by statutes cannot be subjected to assumpsit for rent by the heir.

AGREED STATEMENT.

*W. C. Philbrook*, for plaintiffs.
*J. O. Bradbury*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.    Assumpsit by the heirs of an intestate against his widow and administratrix for rent of the homestead after the expiration of the ninety days allowed her by statute to occupy the same. The agreed statement is that the widow continued

to occupy the homestead after her husband's decease, "having made no agreement of any name or nature with the plaintiffs for the occupancy of the same."

"Assumpsit for use and occupation of land will not lie, unless upon some contract between the plaintiff, and defendant, express or implied." *Howe* v. *Russell*, 41 Maine, 446. The defendant, upon the death of her husband came to possession of the homestead by force of statute that made her occupation lawful for the period of ninety days. When that time elapsed she became a disseizor as against the heirs, and by the common law they might have ejected her, but they did not. There was no privity of contract between her and them. She had not been their tenant, and they could not compel her to so be. There was no relation from which an implied contract to pay rent can be inferred. She was not even their tenant at sufferance.

Moreover, "If any part of the real estate is used or occupied by the executor, or administrator, he shall account for the income thereof to the devisees or heirs in the manner ordered by the judge [of Probate] with the assent of the accountant and of other parties present at the settlement of his account; and, if the parties do not agree on the sum to be allowed, it shall be determined by three disinterested persons appointed for that purpose by the judge, whose award, accepted by the judge, shall be final." R. S., c. 64, § 57.

A widow, left in possession of the homestead, when allowed by the heir to continue in possession thereof beyond the time attached to her by statute, cannot, either upon principle or authority, be subjected to assumpsit for rent by the heir. It is his duty to assign her dower therein; and whether equitable estoppel would now bar his ejecting her until he shall have done so, it is unnecessary to consider. Certainly he cannot make her his tenant without her consent.

*Plaintiffs nonsuit.*