\* CRUMLEY *v.* WATAUGA WATER CO.

(*Knoxville.* September 25, 1897.)

1. WATER COMPANIES. *Obligation to furnish water defined.*

A water company operated under a charter authorizing it to erect buildings and machinery of sufficient capacity to afford to the city of its location and the inhabitants thereof a plentiful supply of water, and to condemn private property for that purpose, and obligated by contract with such city to furnish water therein for families and domestic purposes at customary rates, cannot refuse to supply an inhabitant with water at its regular rates, and upon usual terms, because he refuses to pay a pre-existing indebtedness for which the company had extended credit and taken his note.

Code construed: §§ 2499–2506 (S.).

Cases cited and approved: 60 Pa. St., 27; 10 L. R. A., 122; 14 L. R. A., 424; 29 L. R. A., 376; 30 L. R. A., 447; 32 L. R. A., 697; 118 Ind., 206; 4 Cush., 60; 111 Mass., 464; 52 Mich., 499 (S. C., 50 Am. Rep., 266); 47 N. J. L., 333; 6 Wis., 539 (S. C., 70 Am. Dec., 479); 110 U. S., 347; 115 U. S., 650, 683.

2. SAME. *General obligation of quasi public corporations.*

A water company, having, under its charter, the power to condemn private property for its necessary purposes, is not a mere private, but a *quasi* public corporation, that enjoys and must exercise its opportunities for gain subject to its obligation to the public, that it will supply water to all who apply therefor and tender the usual rates, which is an implied condition of the grant of its franchises.

---

FROM WASHINGTON.

---

Appeal in error from Law Court of Washington County. H. J. CAMPBELL, J.

\* For compulsory service by a water company or other party whose business it is to serve the public, see note to *Rushville* v. *Rushville Nat. Gas Co.* (Ind.), 15 L. R. A., 321.—REPORTER.

ISAAC HARR for Crumley.

CARR & REEVES for Water Co.

CALDWELL, J.    This action was brought by H. B. Crumley to recover damages from the Watauga Water Company, for its failure and refusal to furnish him water at his residence in Johnson City, where the defendant was operating its waterworks. The Circuit Judge, hearing the case on its merits, without the intervention of a jury, found the matters in controversy in favor of the defendant, and dismissed the plaintiff's suit, whereupon the plaintiff appealed in error.

The defendant, Watauga Water Company, was chartered under the general laws of the State (Code, annotated by Shannon, §§ 2499–2506), for the purpose of establishing and constructing waterworks at Johnson City, and with the right of condemnation, and all powers and privileges essential to the well-being of such a corporation. Contract was made with Johnson City for the free use of its streets and alleys, and to supply it with water.

The general law, Code (Shannon), § 2499, required the "company to build waterworks and machinery of sufficient capacity to supply said city, and the inhabitants thereof, with a plentiful supply of water," and the company's contract with the city contained a provision that "water shall be furnished for families and domestic purposes at a price not exceeding the average price charged to the citizens of Chatta-

nooga, Knoxville, and Bristol.'' In due season the waterworks were constructed and put in operation under the law and the contract mentioned.

In 1894 and 1895, the plaintiff, Crumley, who was a citizen of Johnson City and a patron of the company, became its debtor in the sum of $11 for piping and $4 for water rents. The two sums were consolidated and he gave the company his due-bill for the aggregate of $15. Thereafter he received water from the company for several months and paid the required charges. Then, for a short time, he did not take the company's water.

In August, 1896, he decided to take it again, and requested the proper representative of the company to turn the water into the hydrant at his residence in the city, at the same time tendering the price of one quarter's rent in advance, according to the rules of the company. This request was refused, and he was denied the benefit of the company's water unless he should first pay the whole, or at least one-third, of his outstanding duebill. He failed to pay any part of the duebill, and the company refused to supply the water. One month later he commenced this action to recover damages, with the result already stated.

The trial Judge was in error.

There are exceptions to the general rule that a person engaged in business may, at his election, and without good reason, refuse to deal with some other person. These exceptions embrace innkeepers, com-

mon carriers, bridge companies, turnpike companies, telegraph companies, telephone companies, gas companies, electric light companies, and water companies, and are based upon the public nature of the business done by such persons.    Being engaged in public business under public grants, they are charged with public duties.

The defendant, Watauga Water Company, is a public corporation as contradistinguished from a private corporation.   By the law of its creation it was charged with the imperative duty of erecting waterworks and machinery of sufficient capacity to furnish Johnson City, and the inhabitants thereof, with a plentiful supply of water; and by its contract with that city it bound itself to furnish an ample supply of water for the use of the city, and for families and domestic purposes.   Thereby it assumed, first, by necessary implication of law, and, secondly, by express contract, to furnish water to all the inhabitants of the city upon reasonable terms, and without discrimination.   From which it follows, that the company breached its duty toward Crumley in refusing to let him have water upon its regular rates; and, as a legal consequence, became liable to him in damages for whatever injury he sustained as a proximate result of the breach.   These views are not without abundant support in the authorities.

Dillon, with apparent approval, refers to the case of *Foster* v. *Fowler*, 60 Pa. St., 27, as holding that a company created to supply a city with water

is a public and not a private corporation. 1 Dill. Mun. Corp. (4th Ed.), Sec. 52, note.

Cook says: "A waterworks company is also a *quasi* public corporation. It must supply water to all who apply therefor and offer to pay the rates." 2 Cook, Stock, Stockholders & Corp. L., Sec. 932.

Morawetz places telegraph, water, and gas companies in the same general class, treating them all as public corporations, and as charged with public duties, when organized under charters granting the right of eminent domain (as in the present charter), or other advantages not extended to private individuals engaged in private business. He says: "It may be laid down as a general rule that, whenever the aid of the government is granted to a private company in the form of a monoply, or a donation of public property or funds, or a delegation of the power of eminent domain, the grant is subject to an implied condition that the company shall assume an obligation to fulfill the public purpose on account of which the grant was made." 2 Mor. Pri. Corp., Sec. 1129. In the subsequent part of the same section the learned author illustrates and verifies the rule laid down, by a citation and analysis of adjudicated cases. "The acceptance by a water company of its franchise carries with it the duty of supplying all persons along the lines of its mains, without discrimination, with the commodity which it was organized to furnish." 29 Am. & Eng. Enc. L., 19.

The decision of the Supreme Court of Oregon,

in a late case, is well expressed in the headnote, as follows:

"1. A corporation organized to supply water to a city and its inhabitants, and given the right to lay its pipes in the streets for that purpose, is engaged in a public business, and may be compelled to furnish water, on reasonable terms, to all inhabitants who apply for it, although there is no express provision in its grant of franchise to that effect.

"2.    .    .  ·  .    .    .    .    .    .    .

"3. Mandamus is an appropriate remedy to compel a water company to supply water to a person who has a right to it." *Hangen* v. *Albina Light and Water Co.*, 14 L. R. A., 424.

The Supreme Court of Nebraska in a later case held that "a private corporation which procures from a municipal corporation a franchise for supplying the latter and its inhabitants with water, and by virtue of which franchise it is permitted to and does use the streets and alleys of such municipal corporation in the carrying on of its business, becomes thereby affected with a public use, and assumes a public duty. That duty is to furnish water at reasonable rates to all the inhabitants of the municipal corporation, and to charge each inhabitant for water furnished the same price it charges every other inhabitant for the same service, under the same or similar conditions." *American Waterworks Company* v. *State of Nebraska*, 30 L. R. A., 447.

Later still the Supreme Court of Montana, recog-

nizing the same public character and duty of a water company, rules that the refusal of such a company "to supply water to a tenant in the possession and occupancy if a house, when he is ready to pay for it in advance, and the company is supplying the city and its inhabitants under a franchise, cannot be justified by a by-law declining to contract for water with any person except owners of property or their authorized agents." *State of Montana* v. *Butte City Water Co.*, 32 L. R. A., 697.

These recent decisions were based largely upon older ones to the same general effect from Indiana (*Central U. Telph. Co.* v. *State*, 118 Ind., 206), Massachusetts (*Lombard* v. *Stearns*, 4 Cush., 60; *Lowell* v. *Boston*, 111 Mass., 464), Michigan (*Williams* v. *Mut. Gas Co.*, 52 Mich., 499; 50 Am. Rep. 266), New Jersey (*Olmsted* v. *Morris Aqueduct Props.*, 47 N. J. Law, 333), and Wisconsin (*Shepard* v. *Milwaukee Gas Co.*, 6 Wis., 539; 70 Am. Dec., 479). The Supreme Court of the United States also holds that water companies and gas companies, by reason of their grants of special privileges and franchises, are charged with the obligation to render service to the public. *Spring Valley Waterworks* v. *Schottler*, 110 U. S., 347; *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S., 650; *Louisville Gas Co.* v. *Citizens' Gas Co.*, *Ib.*, 683.

A very valuable note is found on pages 321 and 322 of 15 Lawyers' Reports Annotated. It treats boards of trade, common carriers, gas companies, inn-

keepers, log-drawing companies, telegraph and tele-
phone companies, one and all, as public corporations,
charged with public duties according to the purpose
of incorporation, and makes citation of authorities
under each designation.

The defendant in the present case cannot justify
its declination to furnish water to the plaintiff by
the fact of his failure to pay the whole or a part
of his outstanding duebill, given for water and
piping furnished a year or two before. Upon ten-
der of the regular rates, he was entitled to the
water like other persons, and without reference to
his past-due obligation. The company had given
him credit for the matters covered by the duebill,
and could not thereafter coerce payment by denying
him a present legal right. *Merrimac River Savings
Bank* v. *City of Lowell* (Mass.), 10 L. R. A., 122;
*Wood* v. *City of Auburn* (Me.), 29 L. R. A., 376;
*American Waterworks Co.* v. *State of Nebraska* (Neb.),
30 L. R. A., 447.

The plaintiff does not show the whole amount of
damages sustained by him from the failure of the
company to supply him with water for the quarter
for which he tendered payment. He only shows that
on one day, in that quarter and before the com-
mencement of this action, he was compelled to pay
$2.25 to have water carried in buckets for necessary
use in scouring the seven rooms of his dwelling.
The price charged by the company for water to
private families was at the rate of two and one-half

cents per day, so that the plaintiff, on the day referred to, was forced to pay $2.22½ more for the needed water than it would have cost him had the company performed its legal duty.

The judgment of the Court below is reversed, and judgment will be entered here for the latter sum and all costs.