## COBB v. JUNEAU TELEPHONE CO.

(First Division.   Juneau.   February 14, 1919.)

No. 1801–A.

1. **Telegraphs and Telephones** ⊚⟳33(½)—**Rules and Regulations.**
    Reasonable rules and regulations of a telephone company, establishing a mode of inducing prompt payment of monthly rentals; sustained.

2. **Mandamus** ⊚⟳15—**Tender—Telephone Rentals.**
    Plaintiff being in arrears for his telephone rentals, the company disconnected his machines. Plaintiff brought mandamus to compel reinstatement. Plaintiff tendered the arrears due after suit. *Held*, the tender was too late, and mandamus denied.

3. **Telegraphs and Telephones** ⊚⟳33(3)—**Rules and Regulations—Waiver.**
    The rules of a telephone company, of which plaintiff had notice, provided that for nonpayment of its rentals it might cut off the patron in arrears on the 20th of the month. *Held*, the company waived the rule for the last month's arrears for failure to cut off the delinquent subscriber at the time provided in the rule, and also violated its own rule in cutting off the subscriber on the 10th of the next month, when its rule provides the 20th.

J. H. Cobb, of Juneau, for plaintiff.
Winn & Gore, of Juneau, for defendant.

JENNINGS, District Judge.   I find from the evidence in this case that the telephones were disconnected on May 10th, and that at that time nothing had been paid for the months of March and April.

I find that the telephone company had the rule as. alleged. I also find that such rule was reasonable and enforceable.   The Supreme Court of the United States, speaking of such rules, say:

"Like regulations often have been pronounced reasonable and valid in other jurisdictions, and while some differences of opinion upon the subject were disclosed in reported decisions, the weight of authority was on that side.   *   *   *   Some regulation establishing a mode of inducing prompt payment of the monthly rentals was necessary."   Southwestern Tel. & Tel. Co. v. Danaher, 238 U. S. 482, 35 Sup. Ct. 886, 59 L. Ed. 1419, L. R. A. 1916A, 1210.

⊚⟳See same *topic* & KEY-NUMBER in all Key-Numbered Digests & Indexes

I also find that plaintiff knew of the rule at the time.

I think, however, that as to the sum due for March the company, by failing to enforce the rule on April 20th, and by continuing to furnish service for the next monthly period, May, waived their own rule, and cannot now rely upon it for that month. By continuing to furnish service on February 1st they had waived it as to December, and by continuing to furnish service on March 1st they had waived it as to January. Wood v. City of Auburn, 87 Me. 287, 32 Atl. 906, 29 L. R. A. 377; Kimball v. Northern Colo. Irr. Co., 42 Colo. 412, 94 Pac. 333; Crumley v. Watauga Water Co., 99 Tenn. 420, 41 S. W. 1060, bottom.

As to the April account, however, no such course was pursued by the company. It cut out the phones at a date in May earlier than its own rule would have justified it in doing, and in so doing it was "too previous," and was perhaps liable to plaintiff in damages; but nevertheless the phones were, on May 20th (the proper time to cut them out under the rules), still disconnected, and the rule had not been waived for April services. At the last-mentioned date plaintiff owed the company $7 for April. The evidence shows that plaintiff tendered them $8. If this tender had been made before suit was brought, I think the mandamus must have been granted; but the tender was made too late.

A mandamus is not aided by an accrual of a cause of action when suit is pending. Kerr v. State, 33 Okl. 110, 124 Pac. 284.

The peremptory writ is denied.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes