## F. B. Hiller, Appellee, v. City of Pinckneyville and John Keene, Appellants.

Opinion
filed January 23, 1933.

M. C. Cook and W. O. Edwards, for appellants.

Nelson B. Layman, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee is a physician and conducts a hospital, the water supply for which is procured from the city. He rendered medical services to three persons who were in the employ of the city and for which he made a charge of $25 against the city. He made no showing

that the city was liable for such services by virtue of a contract or otherwise. He refused to pay for the water used unless the city would credit him with the $25, and for that reason his water supply was shut off. He then filed this suit and procured a mandatory injunction, without notice, requiring the city to turn on the water. After answering the bill, a motion was made to dissolve the injunction and the same was denied.

Appellee admits that the water bill is just and correct. His sole contention is that he should only be required to pay the balance thereof after taking credit for the medical services aforesaid. If a consumer refuses to pay a bill and the city continues to furnish him water that he pays for, the city will not be permitted to shut off the water because of the nonpayment of the old bill. If the water is shut off under such circumstances and a suit for injunction is brought, the city cannot litigate, in that suit, the validity of the old bill but must sue at law. 27 R. C. L. 1455; *Wood v. City of Auburn*, 87 Me. 287, 32 Atl. 906; *Hatch v. Consumers Co.*, 17 Idaho 204, 104 Pac. 670; *Holly v. City of Neodesha*, 88 Kan. 102, 127 Pac. 616. If a city accepts a due bill from a consumer for water furnished and continues to furnish him water that he pays for, the city cannot shut the water off for a failure to pay the due bill. *Crumley v. Watauga Water Co.*, 99 Tenn. 420, 41 S. W. 1058. If a city compels a purchaser of a building to pay back water rent under a threat that if he did not do so the water would be shut off, he may pay the bill and recover the amount from the city. *City of Chicago v. Northwestern Mut. Life Ins. Co.*, 218 Ill. 40.

The law is well settled that a city will not be permitted to force the payment of a separate and distinct claim by shutting off the water or to litigate such a claim in a suit for injunction. That being true, appel-

 

lee cannot litigate in this case the merits of his claim for medical services. If he thinks he has a valid claim he must sue at law. The order denying the motion to dissolve the injunction is reversed and the cause is remanded with directions to allow the motion and dissolve the injunction.

*Reversed and remanded with directions.*