24278.   ELWELL *v.* ATLANTA GAS-LIGHT COMPANY.

920

DECIDED SEPTEMBER 16, 1935.  REHEARING DENIED SEPTEMBER 28, 1935.

*Feagin & Harrell,* for plaintiff.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for defendant.

MacINTYRE, J. ■ The judge erred in dismissing the petition on general demurrer. In his opinion on rendering that judgment he construed the action as one ex contractu; and if this construction be true, in view of the fact that the petition did not state damages appropriate to such action, the judgment of dismissal was proper. However, with due respect to the opinion of the judge, we, in attempting to reach a conclusion on the exceptions brought to this court, have been unable to agree to this construction. The petition alleges that the defendant was a public-service corporation, the custom appertaining thereto, its duties as such, and damages sus-

tained by the plaintiff by reason of the violation of said duties. An action ex delicto, as in this case, may be based upon a duty imposed by law in consequence of a contractual relation between the parties. In such a case the action is in no sense based upon the contract, especially where the contract is not set forth in the petition, none of its expressed provisions are recited, and there is no allegation that any of the expressed provisions were violated. The declaration generally recites the contract, as a part of the history of the transaction, merely to give rise to the duty imposed by law in view of the relationship of the parties created by the contract. Considering the petition in its entirety and attempting to ascertain the intention of the pleader, we think the facts as set forth in the petition constitute a cause of action ex delicto. At least it can be so construed; and the court not having passed on any special demurrer calling upon the plaintiff to indicate with specific certainty the cause of action on which he decided to proceed, it is to be presumed the pleader intended to effectuate his best interest. Some of the allegations of the petition would be superfluous in an action founded on a contract. The authorities upon this general subject have been recently correlated in the opinion in the case of *Lawrence v. Atlanta Gas-Light Co.*, 49 *Ga. App.* 444 (176 S. E. 75), and we do not feel that it is necessary to discuss them again at great length. Counsel for the defendant mainly rely, in their contention that the action is ex contractu, upon *Milledgeville Water Co. v. Fowler*, 129 *Ga.* 111 (58 S. E. 643). We think the allegations in the case at bar distinguish it from the case cited. There it was said: "So far as it appears from the record, the defendant company was not in the exercise of any franchise granted by the municipality, nor was it in any way obligated to serve the public at large, nor the plaintiff as a member thereof." In the present case, as already pointed out, the petition alleges the defendant is a *public-service corporation,* which we think sufficient, as against general demurrer, to show its relationship to the general public as distinguished from an ordinary private corporation as the Milledgeville Water Company appeared to be.

The petition alleges that plaintiff resided, sometime before the tort complained of, at No. 383 7th St. N. E., Atlanta, Ga., and that at that place petitioner became indebted to the defendant for gas furnished in the sum of $25.75; that subsequently thereto he moved

and became a resident at No. 663 Boulevard, N. E., Apt. No. 3, Atlanta, Ga.; that after he moved, on November 17, 1932, at which time he was still indebted to the defendant for gas furnished at 383 7th St. N. E., he entered with the defendant into a contract whereby he paid the defendant $5 meter deposit for gas to be furnished him at his residence No. 663 Boulevard N. E., Apt. 3, and defendant agreed to furnish to petitioner whatever gas he should require, and did furnish him gas until on or about December 14, 1932, when defendant cut off petitioner's supply of gas and failed and refused to furnish .its gas to petitioner until he paid to defendant a cash meter deposit of $25; that the reason for the conduct of defendant in demanding a $25 meter deposit was that on December 13, 1932, petitioner filed his voluntary petition in bankruptcy in the United States court, and was adjudicated a bankrupt, and had listed in his schedule of liabilities the said past-due indebtedness of $25.75 to defendant, for gas service at his former residence, and the defendant was given notice of said petition in bankruptcy on December 14; and that defendant, actuated by malice on account of the proceeding in bankruptcy, cut off petitioner's supply of gas, and failed and refused to furnish any more gas to petitioner until a new meter deposit of $25 was made, which was a mere subterfuge to coerce petitioner in to paying a past-due obligation which he had lawfully and rightfully listed in his schedule of liabilities contained in his petition in bankruptcy.

■ The defendant is a public-service corporation. As such, as is universally held, it is bound to furnish gas to all members of the municipality in which it operates, who will comply with its reasonable rules and regulations. *Lawrence* v. *Atlanta Gas-Light Co.,* supra, and cit. It may be safely stated that the right of a public utility to require a reasonable deposit as security for the payment of service to be rendered is generally recognized as reasonable. "That the company may enforce a regulation exacting payment in advance in reasonable amounts or requiring the deposit of security is fully settled by the authorities." The reason for the legality of such a rule is that "the company is bound to furnish gas on application, and it is but just that it be not compelled to supply unknown and irresponsible persons therewith without assurance in some form that it will receive compensation." 12 R. C. L. 893. As was stated in Southwestern Telephone Co. v. Danaher, 238 U. S. 482 (35 Sup.

Ct. 886, 59 L. ed. 1419), "It is strongly supported in reason, for not only are telephone rates fixed and regulated in the expectation that they will be paid, but the company's ability to properly serve the public largely depends upon their prompt payment." "It seems to be quite generally held by the authorities that such a company may not refuse to supply the water to a consumer upon payment of rents in advance as required by the rules and regulations of the company, merely because he declines and refuses to pay a disputed bill, or to pay past-due water rents for some other and independent use, or at some other place or residence, or for a separate or distinct transaction from that for which he is claiming and demanding a water supply. Crumley v. Watauga Water Co., 99 Tenn. 420, 41 S. W. 1058; Wood v. Auburn, 87 Me. 287, 29 L. R. A. 376, 32 Atl. 906; American Waterworks Co. v. State, 46 Neb. 194, 30 L. R. A. 447, 50 Am. St. R. 610, 64 N. W. 711. A public-service corporation can not safely be invested with a power and authority which will allow it to become both judge and jury in the determination of a disputed claim due it from a consumer. To do so would be dangerous and investing it with a power that invites extortion, and is too liable to be abused. . . 'The water must be supplied to the complainant so long as he will promptly pay current instalments, and otherwise conform to the reasonable rules governing the supply of water. The respondent must now in its turn resort to judicial process, if it desires to enforce any further payment.' The foregoing conforms to our idea of justice, and comports with the principles of fair dealing. Such companies receive a public franchise for the purpose of serving the people for reasonable compensation, but they have no right to use the privileges granted for the purpose of oppression, discrimination, or harassing or annoying the water consumer." 40 L. R. A. (N. S.) 263-269. If in the case at bar the former claim was a past-due indebtedness, and was incurred at some other place of residence, and was a wholly separate transaction, it must be collected in the usual way in which debts are collectible, and the defendant can not force from the plaintiff his present right, under the contract, to the gas service which is a necessity, so long as the plaintiff will promptly pay current instalments and otherwise conform to the reasonable rules governing the supply of gas. The relations of the parties to each other (growing out of their past separate

transactions) have no influence upon their rights and obligations in their present transaction. If the defendant wishes to collect the old bill, it should resort to the usual judicial process in like manner as other creditors are required to do, and not coerce the plaintiff into paying the old bill by denying him gas.

The defendant contends that it had a right to demand the additional deposit of $25, which it states was reasonable, and that it had a right to shut off the supply of gas upon the failure of plaintiff to comply with its demand. We are of the opinion that if this increase in deposit of $25 was bona fide requested in accordance with a reasonable rule and regulation to exact payment in advance, or as security in advance in a reasonable amount for the future consumption of gas under the present contract, the defendant would not be violating its duty, and the exercise of this authorized right, whether done maliciously or not, would not make the defendant liable. On the other hand, if the additional deposit of $25 was required, not in accordance with a reasonable rule and regulation, but arbitrarily in order to coerce the defendant into paying the old bill arising under a separate contract at a former residence,—that is, if the defendant when he received the $25 additional advance deposit was intending to credit it on the old account against the wishes of the plaintiff, the defendant would be violating its duty to the plaintiff.

Other headnotes need no elaboration. We think the statements of fact in the petition, which are taken as true on demurrer, were sufficient as against a general demurrer. The court erred in sustaining that demurrer.

*Judgment reversed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. The petition, properly construed (most strongly against the plaintiff), attempts to set out an action ex contractu. None of the items of special damages sued for being recoverable in such an action, and the petition containing no prayer for general or nominal damages, the court did not err in dismissing the case on general demurrer.