27485. WHATLEY *v.* MANRY *et al.*

DECIDED JULY 6, 1939.

*Fort, Fort & Fort,* for plaintiff.

*R. L. LeSueur,* for defendants.

STEPHENS, P. J. A. A. Whatley brought suit in the city court of Americus against Manry and Johnson. In the petition as amended he alleged that Manry was a resident of Sumter County, and Johnson was a resident of Schley County; that the defendants were jointly liable to the plaintiff in the sum of $1161.85; that the plaintiff had purchased from the defendant Johnson an automobile priced at $325, and traded in an automobile belonging to the plaintiff for a cash valuation of $125, which the defendant Johnson accepted as a cash payment; that Johnson delivered to the plaintiff the automobile which the plaintiff bought, and at the time agreed to make certain repairs in the differential; that Johnson refused to comply with this agreement, and the plaintiff had the repairs made at a cost to him of $18.65, that he was also compelled to pay the sum of $4.20 for parts and labor in repairing the fuel pump on the purchased automobile; that afterwards, while the automobile which the plaintiff had purchased was parked about 12 o'clock

in the daytime, in a street in the city of Americus in Sumter County, and was locked and had therein certain loose articles of personal property of the value of $14, the defendants (Manry acting as the agent of Johnson, and by virtue of the command and authority given to him by Johnson) wilfully, maliciously, and unlawfully unlocked the plaintiff's automobile and drove it away with the property therein, and have since kept possession of the automobile and the property therein, to the exclusion of the plaintiff; that the taking and carrying away of the plaintiff's automobile in the public streets in Americus in the middle of the day, without the plaintiff's consent and against his will, constituted a trespass causing the plaintiff great humiliation, and greatly wounding his feelings, placing on him an unnecessary and wanton indignity. He prayed to recover of the defendants damages sustained by reason of the facts alleged, in the sum of $161.85, representing the agreed value of the traded-in automobile by the plaintiff to the defendants, the value of the property which was in the automobile when the defendants took it, and the expenses incurred by the plaintiff in repairs on the automobile which he alleged were chargeable to Johnson. The plaintiff also prayed damages in the sum of $1000, for wounded feelings, etc. The defendants' general demurrer on the ground that the petition set out no cause of action either jointly or severally, against the defendants, and their special demurrer on the ground that there was a misjoinder of parties defendant, were sustained, and the action was dismissed. To that judgment plaintiff excepted.

From the facts alleged in the petition, both the defendants, in wilfully and unlawfully taking away the plaintiff's automobile and depriving him of its possession, committed a trespass upon the plaintiff's property. "The owner of personalty is entitled to the possession thereof. Any deprivation of such possession is a tort for which an action lies." Code, § 105-1701. "Any abuse of, or damage done to, the personal property of another, unlawfully, is a trespass for which damages may be recovered." § 105-1703. While the plaintiff, perhaps unnecessarily, alleges that he purchased the automobile under contract from one of the defendants, and delivered to this defendant, as part of the purchase-money, an automobile of the plaintiff of an agreed value of $125, and alleges that as an element of damage, and prays judgment therefor as repre-

senting the value of a traded-in automobile, and also alleges as an element of damage sums paid by the plaintiff for repairs to the automobile, which under the contract of purchase were chargeable to the defendant Johnson, the plaintiff nevertheless alleges facts which show that both the defendants committed a trespass upon the property of the plaintiff, consisting of the plaintiff's automobile and of his property which was in the automobile. The damage is represented in the value of the property taken. It is alleged in the petition that the automobile which the defendants tortiously took from the plaintiff was bought by him from one of the defendants on May 9, 1938, at an agreed purchase-price of $325, and that on the day of the taking of the automobile by the defendants, which was August 2, 1938, the automobile had a higher market value than it had on the day when the plaintiff purchased it. The value of the property which was in the automobile is also alleged. While the value of the automobile may not be unequivocally alleged, the plaintiff's damage as the result of the trespass by the defendants in taking the automobile and other property of the plaintiff is alleged as being $161.85. While the elements of damage which it is alleged aggregate this amount may not be the true legal measure of the plaintiff's damage, and as such may not be recoverable as a result of the trespass, this sum is alleged as the amount of the plaintiff's damage as a result of the trespass. The nature of the plaintiff's cause of action will be determined by the facts alleged in the petition. Where the plaintiff alleges facts showing that his property was unjustifiably damaged by the acts of the defendants in an alleged sum of money, the petition will be construed as alleging a trespass against the plaintiff's property, to his damage in the amount alleged. The petition alleges a trespass to the plaintiff's property, and a sum of money representing the amount of the plaintiff's damage as a result thereof. The petition, notwithstanding it may set out the wrong measure of damage, is good against general demurrer. *Richmond Hosiery Mills* v. *Western Union Telegraph Co.*, 123 *Ga.* 216 (2) (51 S. E. 290); *Atlantic Coast Line R. Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (3) (179 S. E. 125); *Elwell* v. *Atlanta Gas Light Co.*, 51 *Ga. App.* 919 (181 S. E. 599); *James* v. *Dayton Rubber Co.*, 57 *Ga. App.* 511, 513 (196 S. E. 298).

The petition set out a cause of action against both defendants.

The court erred in sustaining the demurrers and dismissing the action. Whether the plaintiff can recover for wounded feelings, as alleged, is not presented for determination.

*Judgment reversed. Sutton and Felton, JJ., concur.*