Witt & Watkins v. Railroad.

## WITT & WATKINS v. RAILROAD.

*(Knoxville.* September 22, 1897.)

COMMON CARRIER. *Liability for unauthorized delivery of goods obviated, when.*

A common carrier who delivers goods to the purchaser without requiring surrender of bill of lading, and payment of draft thereto attached, as directed by the consignor, does not render himself liable to the consignor as for conversion of the goods, where the purchaser subsequently, but promptly, paid the draft to the bank that held it for collection, although the bank failed to remit proceeds, and subsequently became insolvent.

Cases cited: Bank *v.* Cummings, 89 Tenn., 609; Charles *v.* Carter, 96 Tenn., 607.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

REEVES & BAXTER for Witt & Watkins.

CARR & REEVES for Railroads.

FAW & COX for Bank.

WILKES, J. This is a bill to recover the value of goods delivered to the defendant railroad company, to be carried to Elk Park, North Carolina, and which it is alleged were wrongfully delivered. The

Chancellor refused complainant relief, and on appeal, the Court of Chancery Appeals has affirmed that decree, and complainant has appealed to this Court and assigned errors.

Complainants are wholesale merchants at Lynchburg, Virginia. On the third of October, 1894, they delivered the goods in controversy, consisting of eleven boxes, to the Norfolk & Western Railroad Company, consigned to Elk Park, North Carolina, to the "order of Witt & Watkins, notify A. T. Banner;" the said A. T. Banner being the purchaser and ultimate consignee of the goods. The bill of lading required, in substance, that they should be delivered upon the production of the bill of lading, properly indorsed. This bill of lading was sent with a draft upon Banner to the First National Bank of Johnson City, and was to be delivered to Banner when the draft was paid, which was for $191.85. The goods, after reaching Elk Park, their destination, and remaining in the depot house of the company for several days, were delivered to Banner by the local agent of the railroad company, a portion on the tenth of October, 1894, and the remainder on the twenty-sixth day of October, 1894. The bill of lading was not surrendered by Banner to the railroad, and it does not appear that he took it out of the bank's possession. It appears, however, that on the tenth of October, 1894, he paid to the Johnson City bank $129.91, and on the twentieth of October, 1894, the further sum of $42.45, on account of this

consignment, and on the twenty-sixth of October the balance of $20. The first two of these payments were made in checks of third persons, but were received as cash by the bank. The last was paid in Banner's own check, and he had a deposit in the bank, more than enough to pay it, and it was also received as cash.

The Court of Chancery Appeals find that the draft of the consignor was fully paid in this way, and that the checks were all received as cash and realized on by the bank. It is insisted that while this may be so, still, the railroad company had no right to deliver the goods until the bill of lading, properly indorsed, was surrendered, and that, in doing so, it was guilty of a conversion, and made itself liable for the value of the goods. It is true that, when a consignor makes a shipment, under a bill of lading, to his own order, it is an indication on his part that his title shall not pass until the goods are paid for. *Bank* v. *Cummings,* 5 Pickle, 609; *Charles* v. *Carter,* 12 Pickle, 607. When the railroad company delivers goods even to the real owner contrary to or without the assent of the shipper, the burden of proving the ownership of the goods when delivered, and the risk of payment therefor when the title is retained to secure payment to the consignor, is assumed by it. But it is also true that when a draft is forwarded to a bank by a shipper, accompanied by bill of lading to the order of the shipper, the bank is made the agent of the shipper to

receive and collect the draft and to order the delivery of the goods. *Charles* v. *Carter*, 12 Pickle, 617.

In this case the delivery of the goods was made to the proper owner. The draft was paid to the bank, the agent of the consignor. The delivery to Banner of the bill of lading, and its surrender to the railroad company, was a new matter of ceremony in the face of these facts, and, while the railroad company may have breached its duty in delivering, no damages could result therefrom. The fact that the bank subsequently became insolvent and failed to remit the proceeds, cannot alter the case, but is simply the misfortune of the consignor, for which neither the railroad nor the consignee can be held responsible. If the first delivery was made prematurely and while the title still remained in the consignor because only a part of the draft was paid, this was rectified and affirmed by the subsequent payment of the whole draft, and its acceptance by the bank, the agent of the consignor.

We see no error in the decree of the Court of Chancery Appeals, and it is affirmed.