SILVER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-
WAY COMPANY, *Appellant.*

1. **Settlement of Partnership Accounts** : PRACTICE. When a part-
nership is created for a joint undertaking, each partner to collect
certain proceeds, and the entire receipts to be shared upon a basis
fixed in the agreement, any claim preferred by one against the
other for a share of proceeds unfairly withheld, is the proper sub-
ject for the taking of an account, to ascertain the various items of
receipt and disbursement by either partner, to compare them to-
gether, and strike the proper balance. But if the parties themselves
have cast up the items, and agreed upon the state of the account
and the resulting balance either way, there is no further account to
be taken, unless upon a suggestion of fraud, mistake or omission,
operating to falsify their conclusion ; and the court cannot interfere
with the result thus settled by the parties.*

2. **Partnership** : JOINT TRANSACTION : PLEADING : EQUITY : REFERENCE :
JURY TRIAL. Plaintiffs and defendant being both common carriers
and owning connecting lines, made an agreement in relation to the
transportation of two cargoes of goods over their lines, estimated
the amount of freights to be collected by each and the profits to be
realized on the whole transaction and struck a balance. Plaintiffs
then paid defendant in advance what it was estimated would come
into their hands by way of collection in excess of their share of the
profits. One of the cargoes was subsequently destroyed, in conse-
quence of which part of the estimated profits were never realized.
Plaintiffs claiming that the enterprise was a partnership transaction,
then sued to recover the amount of their advance and their share of
the profits actually realized. The petition also contained a prayer for
an accounting. The answer did not dispute the correctness of the
several items which entered into the settlement or the accuracy of
the balance ascertained, but denied the partnership and averred
that defendant's share in the undertaking consisted in the render-
ing of services to plaintiffs, and that the money paid defendant was
paid for such services. *Held,* that the issues joined were properly
triable by a jury, and that the case was not one for reference or tria-
ble by the court. Plaintiffs' demands were of such a nature that
they could have been recovered at common law under the counts
for money had and received and account stated ; and the prayer for
an accounting did not change their nature.

3. **Contract**: AGENT: EVIDENCE. Where one party to an alleged con-
tract made by its agent denies the contract, and then introduces the

*This syllabus is taken from 5 Mo. App. Rep. 381.

agent to prove what the contract really was, such party will not be heard to deny the agent's authority to make any contract whatever.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thoroughman & Pike* for appellant.

*Broadhead, Slayback & Haeussler* for respondents.

NORTON, J.—This cause was tried in the circuit court of St. Louis county, where plaintiffs obtained judgment for the sum of $4,078, which, on appeal to the St. Louis court of appeals, was affirmed, from which latter judgment defendant has appealed to this court. The 5th Mo. App. Rep. 381, contains a report of the case, wherein the facts upon which plaintiffs base their right of recovery are clearly stated and the grounds relied upon by defendant for a reversal of the judgment are fully considered; and after an examination of the points made here by defendant's counsel, (which are the same as those that were made before the court of appeals,) and the authorities bearing upon them, we are satisfied of the correctness of the conclusion reached by that court, and with the reasons there given in support of it. Judgment affirmed.