Hollahan v. Sowers.

## Cinderella C. Hollahan v. Lewis W. Sowers, et al.

1. ACCOUNTING—*when equity has jurisdiction of a proceeding for.* Equity has jurisdiction to entertain a bill for an accounting filed by tenants in common against their co-tenant.

2. ACCOUNTING—*practice upon a proceeding for an.* The approved practice upon a proceeding for an accounting is, first, to enter an interlocutory decree finding the facts determining the right to such an accounting and directing the basis of the account, and, then, to refer the cause to a master to state an account; but it is not error to fail to pursue this mode of procedure.

3. EXECUTRIX—*power of, to collect rents.* An executrix, as such, has no exclusive right to collect rents.

4. SETTLEMENT—*what matters are adjusted by a.* A contract which purports to settle " all matters in dispute " does not adjust or dispose of matters that might thereafter become the subject of dispute.

5. DECREE—*territorial scope of.* A decree for money which is made a lien upon the lands and tenements of the party against whom it is entered, is only operative within the territorial jurisdiction of the court entering it.

Bill for an accounting between tenants in common. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

GEORGE G. MABIN and WINTER & REARICK, for appellant.

D. D. EVANS, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Vermilion County, in a suit in equity brought by appellees against appellant for an accounting of certain rents collected by appellant, from lessees of land owned in common by herself and appellees. Noah D. Sowers died testate, June 28, 1900, and by his will devised his real estate, consisting of eighty acres of land, to appellant, his widow, for life, with remainder over, to appellees. Appellant qualified as executrix of the estate of her husband and, on April 25, 1901, renounced the provisions of the will and elected to take under the statute. At the death of Noah D. Sowers, the land owned by him was rented, the rent not becoming due until after his death, since which time the rent, amounting to $1,040, has been collected by appellant. Appellant filed her petition in the County Court for a sale of the land to pay debts against the estate, including a claim of $300 for a monument, and in her petition claimed one-half of the land in fee, and dower in the other half. The County Court refused to grant the prayer of her petition and she prayed and perfected her appeal to the Circuit Court. Pending the appeal, appellant and appellees, on November 21, 1901, entered into a contract with one Jacob Iles, for a sale of the land to him for $8,800, the deed to be delivered to him on March 1, following; $1,500 of the consideration to be paid to appellant, and $7,300 to appellant and appellees jointly. The contract also provided as follows: " It is also understood that said first parties reserve the rents from said land until March 1st." On the same day appellant and appellees entered into a contract among themselves, reciting the conduct of the estate up to that time, the contract for a sale of the land to Iles, and continuing, " Whereas the parties hereto have settled all matters in dispute and difference between them, and have mutually agreed as to the disposition of the proceeds of the

sale of said land as follows " : 1st, that appellant should be allowed $75 in lieu of commissions on sale of land; 2d, appellant should be paid $300 for a monument; 3d, that all claims then established against the estate or which might be established before March 1, 1902, together with costs of administration, should be paid; 4th, all other claims to be paid as soon as the amount thereof can be ascertained; 5th, the sum of $1,000 to be left on deposit for the payment by appellant, as executrix, of any claims which might be allowed against the estate within two years from grant of letters; 6th, the balance to be divided, one-half to appellant, and one-fourth to each of the appellees; 7th, any part of the $1,000 not required to pay debts, to be divided in like proportion; 8th, that petition of appellant pending on appeal be dismissed.

The cause was referred to the master in chancery to report the proofs, with his conclusions. The master in his report found that appellees were entitled to an accounting of the rents collected by appellant and that a decree should be entered awarding the appellees one-half of the rents so collected by appellant. Appellant filed her exceptions to the master's report, which exceptions were overruled and a decree entered in accordance with his findings.

It is contended by appellant that appellees' remedy is at law and not by bill in equity for an accounting. The parties were tenants in common of the land from which the rents collected by appellant, accrued, and appellees' remedy is properly in equity. Crow v. Mark, 52 Ill. 332; Angelo v. Angelo, 146 Ill. 629.

It is also urged by appellant, that the rents collected by her, was one of the matters in dispute between the parties prior to the time they entered into the contract among themselves and that by the terms of that contract " all matters in dispute and difference between them," were thereby settled. The contract for the sale of the land to Iles expressly reserved to appellant and appellees, jointly, the rent to become due March 1, 1902. The contract relating to the disposition of the proceeds of that sale was

entered into on the same day, months before $500 of the rent in question was to become due, or had come into the hands of appellant. Appellant had no interest in the rent as executrix, (Dixon v. Nicholls, 39 Ill. 372) and no exclusive right to collect the rent as a tenant in common, and for aught that then appeared, it might never come into her possession to become the subject of dispute or difference. The contract only settled matters in dispute at the time of its execution, and not all matters that might thereafter be the subject of dispute. The evidence tends to show that prior to the execution of that contract there was no claim by appellant to the rents collected by her. The disposition of the rent was not involved in the litigation pending on appeal, to determine and settle which and all questions then in dispute with reference to the application of the proceeds of the sale of the land, the contract was evidently executed.

While the approved procedure in equity on a bill for an accounting, is, that an interlocutory decree be first entered, finding the facts determining the right to such accounting and directing the basis of the account, and then referring the cause to the master in chancery to state the account, there can be no objection to the course pursued in this case, where neither the amount to be accounted for nor the share to which each of the parties is entitled, is controverted.

The lien created by the decree is such as the statute (sec. 44, chap. 22) expressly authorizes, notwithstanding it is only operative within the territorial jurisdiction of the court.

The decree is right and will be affirmed.

*Affirmed.*