MARY S. BUFFINGTON, ADMX., RESPONDENT, v. J. M. GREEN, ET AL., APPELLANTS.[*]

Kansas City Court of Appeals. June 14, 1926.

[*]Corpus Juris-Cyc References: Accounts and Accounting, 1CJ, p. 643, n. 26, 27, 28, 31; p. 645, n. 54, 55; p. 707, n. 6.

*Lamb & Lamb* for respondent.

*Collet & Son* and *M. J. Lilly* for appellant.

ARNOLD, J.—This is an action for an accounting involving a partnership.

The record shows that plaintiff Mary S. Buffington is the duly appointed administratrix of the estate of B. R. Buffington, deceased, and that defendant is the duly appointed and qualified administra-

tor of the estate of Buffington & Green, a partnership existing between him and B. R. Buffington, prior to the death of the latter in May, 1924.

The facts shown are that about the year 1909, B. R. Buffington, deceased, and defendant J. M. Green engaged as partners in farming and the handling of stock on a farm owned by said Buffington in Chariton county, Mo., under the firm name of Buffington & Green; that under the terms of a verbal agreement, the funds for said enterprise were furnished by said Buffington, with the agreement on the part of said J. M. Green that he would pay six per cent interest on one-half the funds so invested until the profits of the enterprise should repay said Buffington the entire fund invested, and interest thereon. This partnership relation continued until the death of Buffington on May 30, 1924. The record shows that prior to the institution of this suit Mary S. Buffington, administratrix of the estate of B. R. Buffington, made demand upon said J. M. Green for a settlement and an accounting of the affairs of said partnership, and of the amounts due to, or by, each member on account of said partnership estate. Defendant made no such accounting and this suit followed.

The petition recites that plaintiff is the duly qualified and acting administratrix of the estate of B. R. Buffington, deceased, and that J. M. Green is the duly qualified and acting administrator of the estate of Buffington & Green; describes the 480 acres of land operated in connection with said partnership, gives in detail the elements of the partnership agreement, and states that the same was entered into in 1909, and continued from that time until the death of B. R. Buffington; that from plaintiff's best information and belief no settlement has ever been made between B. R. Buffington and J. M. Green as to said partnership estate; that said Green, in his application for letters of administration upon said partnership estate and in the inventory filed therein, makes no showing as to the status of the accounts of said partnership; that he listed no assets of said estate, no account due from him to the partnership in any sum whatever, nor has he listed any account showing a balance due from said Buffington to the said partnership estate; that plaintiff has made repeated demands for such statement; that defendant has promised repeatedly to exhibit to plaintiff a statement showing the state of the account between said parties, but has failed and neglected to do so; that plaintiff does not know whether the said B. R. Buffington was indebted to the estate of Buffington & Green, or whether said J. M. Green was indebted to said estate, at the death of Buffington; but that said Green, for a great many years has drawn large sums of money out of said partnership and applied same to his own private uses; that plaintiff believes that said Green is largely indebted to said estate; that plaintiff is informed and believes that said Green is now insolvent. Plain-

tiff states that from the commencement of said partnership until the death of Buffington, the business of said partnership covering the purchase and sale of live stock, feed, etc., involved many thousands of dollars; that an adjustment of this controversy involves the examination of a long and intricate account covering a period of about fifteen years. The prayer is as follows:

"Wherefore plaintiff prays that an accounting be had between herself as administratrix of the estate of B. R. Buffington, the defendant J. M. Green, and J. M. Green as administrator of the estate of Buffington & Green; that if upon such accounting it be found that the said J. M. Green is indebted to the estate of Buffington & Green in any sum whatever, that this court by its order and judgment direct the payment of such account out of the distributive share of the said J. M. Green in the partnership estate of Buffington & Green aforesaid, and for such other orders, judgments and decrees as may be proper in the premises."

The answer admits that plaintiff is the qualified and acting administratrix of the estate of B. R. Buffington, deceased, and that defendant is the qualified and acting administrator of the partnership estate of Buffington & Green; admits that said Buffington died on the —— day of May, 1924, and admits the partnership as alleged in the petition.

For further answer to the petition and as a bar to plaintiff's right to maintain this action, defendant avers that at the time of the institution of this suit and at all times since that date, there has been pending in the probate court of Chariton county, Mo., a court having jurisdiction of the parties and the subject-matter herein, and possessed with full power to discover the assets belonging to said estate and to make such orders and judgment as may be necessary to enforce the payment of all debts owing to said estate by all persons whomsoever, and with full power and authority to adjust and settle all accounts that might or could exist between this defendant and said partnership estate.

"As another and further bar to plaintiff's right to maintain this suit, defendant says that from time to time, during the life of the partnership existing between the said B. R. Buffington and this defendant, full and complete settlement on all accounts arising out of their dealing, owing either from the one partner to the other or from either partner to the partnership, were fully settled by said partners Buffington & Green; that the last of said settlements was made on the —— day of February, 1924, and that on the said settlement, as on all prior settlements, all matters of account between the said Buffington and the said Green were fully settled and discharged, so that upon said date the said Buffington did not owe the said Green nor the partnership of Buffington & Green any sum whatsoever, nor

did the said Green owe the said Buffington nor the partnership of Buffington & Green any sum whatsoever.

"This defendant further shows to the court that all of the said settlements made between this defendant and the said B. R. Buffington, including the last settlement made on the —— day of February, 1924, were made upon accounts kept and shown by the partnership bank book and such other memoranda as were kept by and in the control of the said B. R. Buffington; that the said settlements were made and agreed to upon the representations, as to correctness, of the said B. R. Buffington, which representations the defendant believed to be true; that the partnership bank book and all checks given upon the partnership account and all such other memoranda as entered into and formed a part of said settlement are not and never have been in the control of this defendant but were in the control of the said B. R. Buffington during his lifetime and, as he believes and asserts the fact to be, are now in the control of this plaintiff."

The answer also includes a general denial and specifically denies that defendant, at the time of the death of B. R. Buffington, owed said Buffington, or the estate of Buffington & Green, any sum of money whatsoever. On motion of plaintiff, the court struck out part of the answer, as follows:

"For further answer to plaintiff's petition and as a bar to her right to maintain the cause of action alleged and stated in her petition, defendant says that at the time of the institution of this suit and at all times since that date, there has been pending in the probate court of Chariton county, Missouri, a court having jurisdiction of the parties and the subject-matter herein and possessed with full power to discover assets belonging to said estate and to make such orders and judgments as may be necessary to enforce the payment of all debts owing to said estate by all persons whomsoever and with full power and authority to adjust and settle all accounts that might or could be existing between this defendant and said partnership estate. The administration of the partnership estate of Buffington & Green, in which administration all the matters which are involved in this suit are involved."

The reasons stated by the court for thus striking out part of the answer are as follows:

"Because that part of defendants' plea and answer above set out does not constitute any defense to plaintiff's petition and is not a bar to the maintaining of this action by the plaintiff. Because the probate court of Chariton county, Missouri, did not have and has not now jurisdiction to hear and determine the matters involved in plaintiff's petition. Because this court has full power and jurisdiction to hear and determine the matters set out in plaintiff's petition and to grant the relief prayed for."

The reply was a general denial. Upon the pleadings thus made the court heard the evidence presented by the parties, took the case under advisement, found facts as above set out and thereafter rendered the following judgment and decree:

"The court finds that, prior to the institution of this suit, the said Mary S. Buffington, administratrix aforesaid, made demand upon said J. M. Green for a settlement and account of the affairs of said partnership and of the amounts due to or by each of the members on account of said partnership estate. The court finds that said J. M. Green failed to make any statement of said partnership account, and the court finds that this is a proper case for an accounting; that the plaintiff is entitled to such accounting.

"The court, upon a review of the testimony, finds that the evidence is so unsatisfactory and uncertain that the court is unable to state an account between the parties from the inception of said partnership to the 5th day of March, 1921; that many statements were rendered during that time, but there is no evidence that a balance was struck at any time, nor can the court say from the testimony whether or not there was a settlement by a payment between the parties, but because of the long lapse of time and the uncertainty of the testimony the court is not justified in attempting to state an account covering the period between the dates aforesaid, nor in making the testimony the basis of a judgment between the parties; but the court finds that, sometime prior to March 5, 1921, said J. M. Green's half interest in partnership property had been fully paid for, and that the charge for rent of pasture was dropped out of the agreement long prior to 1921.

"The court finds that on the 5th day of March, 1921, the said J. M. Green rendered a statement to the said B. R. Buffington covering the transactions of said partnership; that the court is unable to say whether there was a settlement between the parties about that day or not; but the court does find that after said March 5, 1921, there were certain moneys paid into said partnership estate from the private account of the said B. R. Buffington, to-wit, the sum of $3,515.48; that there was also drawn from the personal account of said B. R. Buffington by virtue of the partnership relation, for the individual use of J. M. Green, the sum of $387.01; that on February 1, 1921, there was opened in the Salisbury Savings Bank a partnership account in the name of Buffington & Green, from which account from said date up to the date of the death of B. R. Buffington, the said J. M. Green drew for his individual uses the sum of $2,545.52; and that from said partnership account between the dates aforesaid the said B. R. Buffington drew for his individual use the sum of $2870.81.

"Wherefore the court upon the findings above set out and covering the transactions between the parties from March 5, 1921, to the

date of the death of the said B. R. Buffington states an account between them as follows:

"Partnership of Buffington & Green
in account with
Mary S. Buffington, Admrs. of Est. of B. R. Buffington, deceased,

| | |
|---|---:|
| To amts. drawn by partnership from individual acct. of B. R. Buffington after March 5, 1921.......... | $3,515.48 |
| To amt. to be credited B. R. Buffington to equalize checks drawn by Green individually from the partnership account ............................. | 2,545.52 |
| To amt. drawn by Green for personal use from individual account of Buffington after March 5, 1921, by virtue of partnership relation ($387.01) converted into charge against partnership estate ............. | 774.02 |
| Total charges ............................ | $6,835.02 |

CREDITS

| | |
|---|---:|
| By checks drawn by Buffington individually from partnership account after March 5, 1921 ............ | 2,870.81 |
| Balance due B. R. Buffington Estate from partnership estate at date of his death .................... | $3,964.21 |

"Wherefore, it is ordered and adjudged by the court that the plaintiff, Mary S. Buffington, as administratrix of the estate of B. R. Buffington, have and recover against J. M. Green, administrator of the estate of Buffington & Green, the sum of $3964.21, before a division and distribution of the partnership.

"And it is further ordered that the clerk of this court, with all convenient speed, certify a copy of this judgment to the probate court of Chariton County, Missouri.

"A. W. WALKER, Judge."

Motions for a new trial and in arrest were overruled and defendant Green, as administrator, appeals.

Three assignments of error are presented for our consideration, as follows: *First,* that the court erred in rendering a judgment which, in effect, is a judgment for an accounting against defendant; *second,* that the court erred in undertaking to state an account between defendant and the partnership of Buffington & Green and in rendering a money judgment prior to the submission of that question to the court; *third,* the court erred in overruling defendant's motion for a new trial.

As to the first of these charges, the record shows there was some evidence that there was, from time to time, some sort of discussion between Buffington and Green as to the affairs of the partnership, but the evidence was such that the court could properly find that there

was no substantial evidence of a settlement and no definite showing as to the exact financial situation of the partnership. To sustain this charge defendant relies upon the case of Silver v. Railway Co., 5 Mo. App. 381, and the same case reported in 72 Mo. 194, where it was held that if the parties themselves have cast up the items and agreed upon the state of the account between themselves, in the absence of a charge of mistake or fraud, a court cannot interfere with the result thus reached between the parties, and no accounting can be ordered. This defense was set up in the answer and therefore was a question at issue, being denied in plaintiff's reply.

The testimony shows there was a settlement made and account stated as of September 1, 1916, at which time a balance of $2323.55 was due the partnership from Green; but this settlement was considered in the decree and judgment which state that from the inception of the partnership to March 5, 1921, the evidence is so unsatisfactory and uncertain that "the court is unable to state an account between the parties." The testimony of defendant's wife is that a settlement was had in June, 1909, by which $800 was coming to Green. The evidence shows that this balance was carried forward into the settlement of September 1, 1916, after which date there is no substantial evidence as to the date of other settlements, amounts stated, or other data constituting a statement of account. There was evidence that Buffington had said to John L. Bennett, "Jess Green don't owe me anything;" and to Earl Collett, "Mr. Green is making money over on my place and I like to get those kind of men on my place:" and to Mrs. B. C. Jackson, "We settled up a short time ago and everything was all right," and words of similar import were used to other witnesses. It must be conceded that the trial court was justified in holding that these remarks did not establish an accounting and settlement. Under this evidence, we are not justified in convicting the trial court of error on the point urged.

It is insisted that the only question for determination by the trial court was whether or not an accounting should be taken; that is, plaintiff's right to an accounting and defendant's liability to render an account; that it was error for the court to undertake to state an account upon the hearing, and that the action of the court in so doing deprived the defendant of a hearing upon the question of what the State of the account was, or should be. The objection in this respect is good.

It is obvious, upon an examination of the pleadings, that plaintiff sought to establish her right to an accounting and the answer denied this right. The prayer of the petition first sought an accounting, and asked that "if upon such an accounting it be found that J. M. Green is indebted to the estate of Buffington & Green in any sum whatever, that this court by its order and judgment direct the

payment of such account out of the distributive share of said J. M. Green in the partnership estate of Buffington & Green,'' etc. It must be conceded that under this pleading, an accounting is the fundamental thing sought, and the court is prayed for an order of accounting to determine whether J. M. Green owed the estate of Buffington & Green.

Defendants' answer may be construed as denying this right. The decree of the court found ''that this is a proper case for an accounting; that plaintiff is entitled to such an accounting.'' Strictly speaking, we cannot hold this to be an order for an accounting. The court proceeded to cast an account between the parties upon the evidence, which, for all intents and purposes was introduced upon the question as to whether plaintiff was entitled to an accounting. We think the court erred in so doing. The general rule applicable to this situation is laid down in 1 C. J. 643, as follows:

''Upon an application for an account the only question to be considered is whether the account shall be taken—plaintiff's right to the accounting and defendant's liability to render the account—and therefore the only evidence necessary upon the hearing at this stage is that which shows the particular right and liability; and matters which are properly for consideration as to the state of the accounts will not be inquired into.''

It is the law that a defendant is not obliged to account until after plaintiff's right to an accounting is determined; after disposing of all matters in bar of the accounting, the practice is then to enter a preliminary decree directing defendant to account. [1 C. J. 643: Hollahan v. Sowers, 111 Ill. App. 263.] Where the allegations of the complaint are denied, this issue must be first determined and an interlocutory judgment entered. [Del Genovese v. Del Genovese, 149 App. Div. 266, 133 N. Y. St. 765.]

The general rule in regard to a final decree is, that

''Until it is determined that defendant should account, the cause is not ripe for a final decree; and even where defendant fails to answer, the proper course requires a reference to state the account on the decree *pro confesso,* and a final decree on the hearing of the decree *pro confesso* on the proofs and report, and a decree on the merits in the first instance, is not regular.'' [1 C. J. 645, par. 135.]

The rule in this State is expressed as follows in State ex rel. v. Denton, 229 Mo. 195, (opinion by VALLIANT, J.):

''It is within the scope of equity jurisdiction to cause an accounting to be made under some circumstances and to render judgment for the balance ascertained. But the money judgment is to follow the accounting, and if the conditions surrounding the case are such as to put the accounting beyond the reach of the court it has no jurisdiction to render a money judgment.''

The Denton case declares the law on this point and therefore we must hold that the trial court erred in proceeding to render a statement of account without first entering a decree directing an accounting. The judgment is reversed and the cause remanded for· a new trial in accordance with this opinion. *Bland, J.,* concurs; *Trimble, P. J.,* absent.