[L. A. No. 9528. Department One.—December 20, 1928.]

JACK WELLS, Respondent, v. B. F. PORTER ESTATE (a Corporation), Appellant.

Denis & Griffith for Appellant.

Alonzo D. Hitchcock for Respondent.

CURTIS, J.—This action was brought to recover damages for an alleged eviction of the plaintiff from 190 acres of land owned by defendant and held by plaintiff under lease from defendant. The lease was in writing and covered a term of one year beginning November 1, 1923, and ending with the cropping season of the following year. It provided that defendant was to receive as rental of the leased premises one-third of all crops produced on the leased land. Plaintiff allged that he was wrongfully evicted from said premises on the fourteenth day of February, 1924, and that he was thereby damaged in the sum of $12,500, which sum he alleged was the value of plaintiff's share of the crop of baby lima beans, which would have been produced upon said land during the term of said lease had he been permitted to continue in possession of the leased premises during the term of the lease. In its answer the defendant denied specifically all the foregoing allegations and affirmatively alleged the abandonment of said premises by the plaintiff and also the violation of the terms of the lease requiring him to live upon the leased property or to hire somebody to live thereon or take charge of the same during his absence. Defendant further alleged in its answer that plaintiff violated said lease by his failure at proper times and in a proper manner to cultivate said land in a good and husbandlike manner and by his failure to follow, as required by the terms of the lease, defendant's direction in that respect. The action was tried by the court without a jury. The facts were found substantially as alleged by plaintiff except as to the amount of the latter's damage, which the trial court found to be the sum of $1,994.96. The defendant has appealed.

The main contention of appellant is that the evidence is not sufficient to support the finding of the trial court that the respondent was wrongfully evicted from said premises by the appellant. Immediately upon the execution of the lease the respondent was let into the possession of a portion of the leased premises, but did not get possession of the entire tract until December 10, 1923. He removed his stock and farming implements upon the land and began work upon the same for the purpose of putting in a crop of baby lima beans. He plowed in some ditches

that were upon the land and about six acres of the land itself, which had been previously planted to kaffir corn, and disced about sixty acres of ground upon which the year before tomatoes had been grown. This work consumed about a month. There had been but a slight rainfall during the season and it was difficult to work the land advantageously in the condition in which it was before the rains. It was not customary to begin planting beans in that locality until about the first of May. The officers of the appellant were urging the respondent to expedite the plowing of the land and the preparation of it for the planting of the season's crop. There were no buildings on the premises, and respondent had not occupied the premises as provided by the lease. His cookhouse was upon the premises leased from the appellant and located about three miles from the 190-acre tract, covered by the lease in question. His tools were upon the 190-acre tract and his hay and livestock were kept across the road from the leased premises. No rain of any substantial amount fell until March 15, 1924. After said rain there was sufficient time in which to prepare said land for the planting of baby lima beans for that season. The respondent held possession of the property until February 14, 1924. On that day he left the premises for a few days, and on his return on February 19, 1924, he found them in the possession of a third person to whom the appellant had leased them. He also found a note from appellant dated February 14, 1924, reading as follows: "You are hereby notified that unless active work is commenced within forty-eight hours from date your lease will be automatically cancelled." In conversation the next morning after his return with the superintendent of appellant he was told that he had no lease.

It was also shown that baby lima beans were generally grown in that section, and that had respondent been permitted to carry out the terms of the lease regarding said real property he would have planted the same to baby lima beans, which crop of beans when sold, according to the prices prevailing during that year, would have brought an amount of money which, after deducting all expenses incurred in raising and producing said crop, would exceed the judgment in this action.

We think this evidence sufficient to support the finding of the court that the respondent was unlawfully evicted from said premises by the appellant. There might be some question whether the respondent complied with that provision of the lease requiring him to live upon the leased premises. While his tools and farming implements were upon the leased land and he was personally in possession thereof and was clearing and plowing the same, his hay and livestock were kept across the street, and he resided upon premises owned by the appellant situated some three miles away from the leased premises. It does not appear, however, that the appellant ever objected to this departure by respondent from the terms of the lease. In fact, it might be inferred from the evidence that as respondent was then living upon premises belonging to appellant and leased by it to respondent that appellant waived the provision of the lease requiring him to live upon the 190-acre tract. This is borne out by the written notice left by appellant at the home of respondent notifying him that his lease would be canceled unless he began active work upon the leased land within forty-eight hours from the date of the notice. No complaint was made in this notice that respondent was not then living upon the leased premises. As the appellant took possession of the property soon after leaving this notice at respondent's home, it may well be assumed that appellant was acting thereunder and for the reason therein stated when it repossessed itself of the leased premises. As to the claim that respondent failed to comply with the terms of said lease requiring him to cultivate the leased land in a good and husbandlike manner, the evidence, to say the least, is conflicting. As recited above, the evidence shows that respondent began to plow and disc said land immediately upon being let into the possession thereof; that it was difficult to properly prepare said land for a crop until after the rains came. Before the rains came the appellant evicted respondent and thereby prevented him from the further cultivation of the land. The rains came in March, and there was evidence that there was time after that date in which to prepare the land and make it ready for a crop of beans to be grown during that season. Some reliance is made by appellant upon that provision of the lease which requires the respondent at his own expense to

"plow, cultivate, seed, irrigate, and hoe said land as lessor may direct." Appellant insists that this provision of the lease was breached by the respondent prior to the time the appellant repossessed itself of said land and therefore that it was justified in its eviction of respondent. The evidence shows that officers and representatives of the appellant had on numerous occasions requested and urged the respondent to be more expeditious in the preparation of said land for the season's crop to be planted thereon, and in one instance at least had warned him that if he was not more prompt in carrying out the terms of his lease that they would cancel it and lease the property to other parties. At the same time there was evidence which at least tended to show that respondent was doing all that could be reasonably required of him under the lease, and that had he not been interfered with by appellant in the possession of said premises he would have prepared the same and would have planted and grown a crop of beans thereon as contemplated and agreed by the parties at the time of the execution of the lease. The provision in the lease requiring the respondent to plow and cultivate the land as the lessor may direct is to receive a reasonable construction. It is not to be understood as giving to the lessor an arbitrary right to direct every act of the lessee in the raising of a crop upon said lands, and then for a violation of such direction give to it the right to terminate the lease and thereby deprive the lessee of all the fruits of his labor performed under the lease. The trial court evidently determined that the respondent had performed all the reasonable directions given by appellant regarding the plowing and cultivation of said land, and in our opinion there was sufficient evidence before it to justify such a determination.

A further contention is made by appellant that the trial court erroneously adopted as the measure of damage the value of the crop that might be grown on said premises during the term of said lease less the cost of raising and harvesting the same. This method of measuring damages sustained by a tenant by reason of a breach of the lease by the landlord has been frequently approved and adopted by this court (*Rice* v. *Whitmore,* 74 Cal. 619 [5 Am. St. Rep. 479, 16 Pac. 501]; *Schumann* v. *Karrer,* 184 Cal. 50, 57 [192 Pac. 849]). We have been cited to no instance in

which this court has refused to follow the rule enunciated in these cases. The case of *Crow* v. *San Joaquin etc. Irr. Co.*, 130 Cal. 309 [62 Pac. 562, 1058], cited by appellant, does not apply, as that action was not to recover damages under a lease of real property, but was brought under the act of March 12, 1885 (Stats. 1885, p. 95), making it the duty of a company administering water as a public use to supply anyone with water from its system making a demand therefor and tender in money of the established rates. Just why the rule should be different in a case of that character from that following in actions under a lease of real property may not be apparent, but it is clear that the latest enunciation of this court, as shown by the case of *Schumann* v. *Karrer, supra*, supports the action of the trial court in the present action in following the rule of prospective profits.

■ It was not error on the part of the trial court to overrule appellant's demurrer for uncertainty to respondent's amended complaint. The respondent may have been absent from the leased premises when the appellant took possession of them and still have been residing upon said premises. Residence upon property by a person does not necessarily imply that such person is actually present upon the property during all of the time of his residence thereon.

■ Appellant claims that the findings do not cover all the issues made by the pleadings, and particularly those arising under its affirmative defense. The court found expressly upon all the issues made by the amended complaint and the denials of the answer. These findings are inconsistent with the allegations of appellant's affirmative defense. They therefore were sufficient and it was unnecessary to make particular findings as to the issues made by the affirmative allegations of the answer (*Saxon* v. *Buckeye Mfg. Co.*, 34 Cal. App. 200, 207 [167 Pac. 174]; *Kendrick* v. *Gould*, 51 Cal. App. 712, 716 [197 Pac. 681]).

The judgment is affirmed.

Seawell, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices concurred.