ABRAM APPEL, CLAIMANT-APPELLEE, v. PETER FLEUCH-
AUS, BUILDER AND OWNER, APPELLANT.

Argued January 21, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Samuel Rosenfeld.*

For the appellee, *Feder & Rinzler.*

PER CURIAM.

This is an action upon mechanics' lien claim and the appeal
is from a judgment entered upon a report of a referee, the
cause having been referred under section 155 of the Practice
act. 3 *Comp. Stat., p.* 4101.

The first ground for reversal is that the order of Decem-
ber 3d, 1928, confirming the referee's report, is erroneous,
because no notice of the filing of the report was given as
required by rule 100 of this court.

The record is silent upon the question as to whether or not
such notice was given.

However, notice of application to confirm the report was
given and appellant filed what are denominated objections to
confirmation of referee's report and these were heard and fully
considered. No prejudicial harm is pointed out as coming to

appellant because of the alleged failure to give notice of the filing of the report of the referee and under the circumstances we are entirely unable to see how appellant was injured or prejudiced by such failure to observe the rule of this court if there was in fact such a failure, which the record of the case fails to disclose. Furthermore such failure would seem to be a ground for setting aside the report and for a new trial and not a ground of appeal. *Clayton* v. *Levy,* 49 *N. J. L.* 577; *Camp* v. *Kennedy,* 7 *N. J. Mis. R.* 1060.

The second ground for reversal is that it was error to confirm the report of the referee because he failed to take the necessary oath of office and therefore was without jurisdiction.

Upon this question the record before us is silent.

The Circuit Court judge held that appellant could not be heard to complain because, without protest or objection, he had submitted himself to the jurisdiction of the referee and had participated in the proceedings before him.

We think this together with the fact that in the absence of a showing in the record that the referee had taken such oath raises a presumption that he had done so makes this ground untenable. 23 *R. C. L.* 293, § 11; *Runyon* v. *Hodges,* 46 *N. J. L.* 359; *Taylor* v. *Thornton,* 81 *Id.* 7.

Grounds of appeal 3, 4, 5 and 6 are directed to the refusal of the referee to nonsuit because of insufficient proofs.

None of these makes for a ground of appeal. *Camp, &c.,* v. *Kennedy,* 7 *N. J. Mis. R.* 1060.

Finally it is urged that the judgment below should be reversed because the defendant below verbally requested or reserved the right of trial by jury. This is entirely without merit. Such reservation is fixed and regulated by the statute (3 *Comp. Stat., p.* 4101, § 155), the requirements of which not having been observed, the appellant is without remedy here.

The judgment below is affirmed, with costs.