GIBBS et al. v. DISTRICT COURT OF THIRD JUDICIAL DIST. IN AND FOR SALT LAKE COUNTY et al.

No. 5626. Decided May 15, 1935. (44 P. [2d] 504.)

*Backman & Backman,* of Salt Lake City, for plaintiffs.

*Morris & Callister,* of Salt Lake City, for defendants.

FOLLAND, Justice.

On petition of plaintiffs, an alternative writ of prohibition was issued by this court commanding the district court of Salt Lake county to desist or refrain from further proceedings in that certain cause pending before it entitled R. W. Burton as Receiver of Ashton-Jenkins Company, a corporation, Plaintiff v. Charles W. Gibbs, otherwise known as C. W. Gibbs, and Charles W. Gibbs Company, a corporation, Defendants, and until such time as the said court should find the issues in such cause in favor of plaintiff and against defendants, and enter and file findings of fact, conclusions of law, and judgment therein, or to show cause why it should not enter and file findings of fact, conclusions of law, and judgment therein. The matter is before us on petition of plaintiffs, answer of defendants, briefs and oral arguments of the attorneys for the respective parties.

The cause of Burton as Receiver v. Gibbs et al., in the district court is a suit in equity wherein Burton, as receiver of Ashton-Jenkins Company, a defunct corporation, sought to set aside assignments of certain designated mortgages, side or partnership notes, and other documents connected therewith, made by Ashton-Jenkins Company a short time prior to its going into the hands of a receiver. The assignments were made to Charles W. Gibbs, one of the officers of that corporation, and by him assigned to another and by such other to the Charles W. Gibbs Company, a corporation. In the prayer plaintiff asks that the assignments be set aside, that the property be turned over to the plaintiff, and an account-

ing be had of all moneys received by defendants, or either of them, by reason of such assignments, and for general relief.

The cause of Burton as Receiver v. Gibbs et al., in the disspect to the equitable issue, the right of plaintiff to have the contracts of assignment set aside and annulled. The court thereafter announced that he had decided the issue in favor of plaintiff and against the defendants, and ordered the defendants to render an accounting, as prayed for in plaintiff's complaint, on a day fixed. This decision by the court is shown only in the order directing the accounting and not by any findings of fact, conclusions of law or decree. Plaintiffs here contend that the trial court is without jurisdiction to proceed with the accounting until it has made findings of fact, conclusions of law, and made and entered its decree adjudging plaintiff below to be entitled to the property in suit, and that they are entitled to have that issue fully determined by the trial court and on appeal before they can be required to submit their books and accounts to inspection in an accounting proceeding. Whether an appeal would lie from such a judgment or decree, if one is made and entered, is not directly before us, and we do not pass on that. The only issue is whether the district court was about to proceed "without or in excess of the jurisdiction." R. S. Utah 1933, 104-69-1. The pending suit is one in equity to set aside contracts of assignment and to recover the property assigned and any moneys collected thereon while in possession of defendants. In such suit two inquiries were involved: First, whether plaintiff below is entitled to have the contracts of assignment set aside on the grounds alleged; and, second, the state of the account with respect to collection of moneys on the notes thus assigned. The district court concededly had jurisdiction of the parties and of the subject-matter. A court of equity, assuming jurisdiction to determine whether assignment contracts should be set aside, ordinarily has jurisdiction to settle the whole controversy, and if it finds the contracts of assignment are void

for the reasons alleged, to then require an accounting of moneys received by defendants during the time the property was in their possession, and to enter judgment for return of the property assigned, and for any amount found to have been collected to which plaintiff is entitled. 1 C. J. 616; *Probst* v. *Bearman,* 76 Okl. 71, 183 P. 886. Obviously, the litigation is not ended until final judgment is entered directing delivery to plaintiff of the property to which he is entitled, and for such amounts in money as are found to be due. *Standard Steam Laundry* v. *Dole,* 20 Utah 469, 58 P. 1109. The question resolves itself to this: In a suit of this kind, is it a duty which the law expressly enjoins on a trial court to first enter judgment as to all matters in bar of the accounting before he can proceed to finish the case by directing an accounting and adjudicating the amount shown to be due in such accounting? Such procedure is not required by any statute nor by any decision of this court. The practice in other jurisdictions seems to be that matters in bar of an accounting should first be tried and disposed of by the entry of a preliminary decree fixing the rights of the parties to the property involved and directing defendant to account. 1 C. J. 643. It is held that failure to follow this procedure is not necessarily error. 1 C. J. 644; *Hollahan* v. *Sowers,* 111 Ill. App. 263. In some jurisdictions the trial court may, whenever necessary, direct an accounting, either with or without the entry of an interlocutory judgment, and may take the proof itself or make a reference therefor, *Schefski* v. *Anker,* 216 Cal. 624, 15 P. (2d) 744; *Putman* v. *Superior Court,* 209 Cal. 223, 286 P. 425; *Fox* v. *Hall,* 164 Cal. 287, 128 P. 749. The matter being within discretion, it has been said to be not a matter of jurisdiction, but rather of the order of proof in a particular case. *Putman* v. *Superior Court,* supra. The trial judge announced his views as to certain issues, but not having made findings or entered a decree, the whole matter is still before him, and he may reach a different conclusion when the case is finally submitted. The manner in which he proceeds with the trial is

discretionary and within jurisdiction. His discretion may not be controlled by this court. This proceeding, therefore, should be dismissed and the alternative writ withdrawn.

This court recently decided the case of *Benson* v. *Rozzelle* (*Rozzelle* v. *Third Judicial District Court*), 85 U. 582, 39 P. (2d) 1113, which, on superficial examination, might lead one to believe the decision an authority in favor of issuing the writ in this case. That case, however, is clearly distinguishable from the one before us. There the court had taken testimony on an issue of alleged partnership and made and entered findings of fact, conclusions of law and decree determining the issues of partnership, ordering a dissolution of the partnership found to exist, and directing an accounting of the partnership affairs. The case came to this court on appeal and also on writ of review. By bill of exceptions all the evidence adduced was before this court. On inspection of the record, it was found there was no evidence whatever of a three-party partnership in which plaintiff had any interest. This court held, there being no partnership, the trial court was without jurisdiction to order an accounting. Not anything in that decision justifies a holding on the record before us that the trial court was proceeding without or in excess of jurisdiction in requiring defendants to submit to examination on accounting.

The alternative writ is withdrawn and the petition of plaintiffs herein dismissed. Costs to defendants.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.